JOSEPH J. FERRARA, Plaintiff-Appellant, v. JOHN C. WALL, Defendant-Appellee.

Second District    No. 2—00—1108

Opinion filed July 20, 2001.

Robert C. Pottinger, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellant.

Marc F. Benjoya, Donald F. Ivansek, and Brian A. Schroeder, all of Cassiday, Schade & Gloor, of Waukegan, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Joseph Ferrara, appeals from the May 25, 2000, order of the circuit court of McHenry County dismissing the medical malpractice action he brought against the defendant, John Wall, M.D., pursuant to section 2—619(a)(5) of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619(a)(5) (West 2000)). The trial court found that the plaintiff's complaint was time-barred by the limitations period for medical malpractice actions. 735 ILCS 5/13—212(a) (West 1998). We affirm.

The following allegations are contained in the plaintiff's complaint. On June 2, 1993, at the direction of the defendant, the plaintiff underwent a prostate specific antigen test (PSA test). The defendant received the results of the PSA test on June 8, 1993. The test results indicated that the plaintiff had an abnormally high PSA level. The defendant failed to inform the plaintiff of the test results.

On October 31, 1995, again at the direction of the defendant, the plaintiff underwent a second PSA test. After receiving the results of this second test, the defendant informed the plaintiff that his PSA level was abnormally high. It was also at this time that the plaintiff first learned of the abnormal results of his June 1993 PSA test.

On November 6, 1995, the plaintiff sought treatment from a different physician and was diagnosed with prostate cancer. In December 1995, the plaintiff underwent a radical retropubic prostatectomy.

On June 1, 1998, the plaintiff filed suit against the defendant alleging medical malpractice. The suit was voluntarily dismissed on December 22, 1998, and refiled on December 22, 1999. The refiled suit consisted of one count and alleged that the defendant had breached his duty to timely inform the plaintiff of the results of his June 1993 PSA test and failed to provide the appropriate medical care in response to those test results. The plaintiff alleged that, as a result of these omissions, he was deprived of the opportunity to seek immediate medical treatment for his medical condition.

On January 12, 2000, the defendant filed a motion to dismiss pursuant to section 2—619(a)(5) of the Code. 735 ILCS 5/2—619(a)(5) (West 2000). The defendant argued that the plaintiff's original June 1, 1998, complaint was time-barred under both the statute of limitations and statute of repose for medical malpractice actions. 735 ILCS 5/13—212(a) (West 1998). The defendant argued that the statute of repose required that the plaintiff's complaint be filed by June 8, 1997, which was four years after the defendant received the plaintiff's June 1993 PSA test results. The defendant also argued that the statute of limitations required that the plaintiff's complaint be filed by June 8, 1995.

On May 25, 2000, the trial court granted the motion to dismiss. The record does not indicate whether the trial court found that the plaintiff's complaint was time-barred by the statute of limitations, the statute of repose, or both. Following the denial of his motion to reconsider and for leave to file an amended complaint, the plaintiff filed a timely notice of appeal.

●1 We first consider a motion that has been taken with the case. The defendant requests that we strike certain statements in the plaintiff's reply brief that the defendant asserts are unsupported by the record. However, our review of the plaintiff's reply brief reveals no

violation of Supreme Court Rule 341 (177 Ill. 2d R. 341). Accordingly, we deny the motion to strike.

Turning to the merits, the plaintiff argues that his complaint was not time-barred under either the limitations or repose period contained in section 13—212(a) of the Code. In reliance upon *Cunningham v. Huffman*, 154 Ill. 2d 398 (1993), the plaintiff argues that the defendant's failure to notify him of his abnormal PSA test results constituted an ongoing course of negligent medical treatment and that the repose period did not begin to run until October 31, 1995, when the defendant finally informed the plaintiff of the test results. The plaintiff further argues that his complaint was not barred by the two-year statute of limitations because the defendant's insurance carrier induced him to delay filing his complaint.

●2 Section 2—619(a)(5) of the Code allows for dismissal of a cause of action if "the action was not commenced within the time limited by law." 735 ILCS 5/2—619(a)(5) (West 2000). A motion to dismiss pursuant to section 2—619 of the Code admits all well-pleaded facts and reasonable inferences drawn therefrom. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995). Additionally, a section 2—619 motion admits the legal sufficiency of the complaint but asserts an affirmative matter to avoid or defeat the claim. 735 ILCS 5/2—619(a) (West 2000). Our standard of review governing dismissals pursuant to section 2—619 is *de novo. Doe v. Montessori School*, 287 Ill. App. 3d 289, 297 (1997).

●3 Medical malpractice actions in Illinois must be filed within the time periods mandated in section 13—212(a) of the Code. 735 ILCS 13—212(a) (West 1998). That section provides as follows:

> "Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13—212(a) (West 1998).

Section 13—212(a) is bifurcated, providing both a two-year statute of limitations and a four-year statute of repose. The distinction between the repose period and the limitations period is that the repose

period is triggered by the defendant's wrongful act or omission that causes the injury, whereas the limitations period is triggered by the patient's discovery of the injury. *Turner v. Nama*, 294 Ill. App. 3d 19, 24-25 (1997). The purpose of the repose period is to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422 (1986). Although the statute of repose causes harsh consequences in some cases, the legislature intended to curtail the increased exposure to malpractice actions brought about by the advent of the discovery rule by placing a time limit within which a malpractice action must be commenced. *Cunningham*, 154 Ill. 2d at 406; *Anderson v. Wagner*, 79 Ill. 2d 295, 312 (1979).

We first consider whether the plaintiff's complaint was filed within the four-year repose period mandated by section 13—212(a). Relying on *Cunningham v. Huffman*, 154 Ill. 2d 398 (1993), the plaintiff argues that the defendant's failure to notify him of the June 1993 test results constituted an ongoing course of negligent medical treatment and that the repose period did not begin to run until October 31, 1995, when the results were finally disclosed to him. In *Cunningham*, the patient received an intrauterine device (IUD) from a doctor at the defendant's hospital in 1977. *Cunningham*, 154 Ill. 2d at 400. The patient began experiencing abdominal pain, and, in 1980, after probing failed to disclose the IUD, the doctor inserted another IUD. The patient continued to experience medical problems and received medical treatment at the hospital through 1988. Such treatment included the removal of one of the IUDs. *Cunningham*, 154 Ill. 2d at 400. In December 1988, after further problems and abdominal pain, the remaining IUD was discovered and removed by a different doctor not associated with the hospital. *Cunningham*, 154 Ill. 2d at 401. On appeal, the hospital argued that, for purposes of the statute of repose, the proximate cause of patient's injury was insertion of the first IUD in 1977 and that the patient's complaint was time-barred. The patient argued that the hospital's continuous course of treatment tolled the repose period until the end of the patient's treatment at the hospital in 1988. *Cunningham*, 154 Ill. 2d at 403-05.

The supreme court held that the patient's complaint was not time-barred and found that the use of the term "occurrence" within section 13—212(a) did contemplate that a continuing course of *negligent* treatment would toll the repose period. *Cunningham*, 154 Ill. 2d at 405. The court found it improbable that the legislature intended the term "occurrence" to be limited to a single event. *Cunningham*, 154 Ill. 2d at 405. The court observed that, if this had been the case, the

legislature would have simply stated that the repose period commences on the happening of a "specific act" or a "specific omission." Instead, the court interpreted "occurrence" to include a string of negligent acts and omissions and, thus, concluded that the statute of repose permits a plaintiff to bring one action for the aggregate injury caused by the compounding events of an ongoing course of continuous negligent medical treatment for a specific condition. *Cunningham*, 154 Ill. 2d at 405-06.

●4 Under the doctrine adopted in *Cunningham*, the negligent medical treatment continuum begins on the defendant's first negligent medical treatment and continues until his last negligent medical treatment, at which point the repose period begins to run. *Cunningham*, 154 Ill. 2d at 405. To properly allege an ongoing course of continuous negligent medical treatment, plaintiff must show (1) that there was a continuous and unbroken course of negligent treatment; and (2) that the treatment was so related as to constitute one ongoing wrong. *Cunningham*, 154 Ill. 2d at 406.

In *Turner v. Nama*, 294 Ill. App. 3d 19 (1997), the Illinois Appellate Court, First District, considered whether the continuing course of negligent treatment doctrine was applicable in a case where the defendant physician failed to notify the patient of abnormal test results. In *Turner*, the defendant performed a Pap smear on the patient on September 18, 1990. The defendant received the results seven days later, and the results indicated the presence of cancer. The defendant did not notify the patient of the results. *Turner*, 294 Ill. App. 3d at 22. Another doctor subsequently diagnosed the patient with cervical cancer, and she returned to the defendant for a second opinion on December 14, 1993. At this time, the patient first learned of the results of her 1990 Pap smear. The patient died of cancer in March 1995, and her estate sued the defendant one month later. The trial court dismissed the action as untimely. *Turner*, 294 Ill. App. 3d at 22.

The reviewing court held that the defendant's failure to inform the patient of the Pap smear results did not constitute a continuing course of negligent medical treatment and that the complaint was barred by the statute of repose. *Turner*, 294 Ill. App. 3d at 30-32. After reviewing *Cunningham* and cases from other jurisdictions, the court explained that the continuing course of negligent treatment doctrine encompasses only those acts and omissions that occur within the affirmative event of continuous medical treatment. Concluding that the failure to notify a patient of unfavorable medical results did not constitute affirmative medical treatment, the court held that the continuing course of negligent medical treatment doctrine was inapplicable. *Turner*, 294 Ill. App. 3d at 31-32.

The *Turner* court next focused on when the statute of repose was triggered. The court explained that a physician has an immediate obligation to notify his patient once he receives unfavorable test results and that the physician in *Turner* should have notified his patient within a two-month period after receiving the results. *Turner*, 294 Ill. App. 3d at 33. The court therefore held that the repose period began to run at the end of the two-month period after the defendant received the test results. *Turner*, 294 Ill. App. 3d at 33.

●5 We agree with the defendant that *Turner* is directly on point with the instant case. Here, the omission that resulted in the plaintiff's injury was the defendant's failure to communicate the results of the PSA test results after he received them on June 8, 1993. We agree with the *Turner* court's reasoning that the failure to notify a patient of abnormal test results, without any subsequent affirmative medical treatment, cannot constitute a continuing course of negligent medical treatment under *Cunningham*. We believe that the repose period in the instant case was triggered at the time that the defendant received the abnormal test results and failed to communicate them to the plaintiff. This omission was the act that was the cause of the plaintiff's alleged injuries. We therefore reject the plaintiff's argument that the repose period did not commence until the defendant finally advised him of the test results on October 31, 1995.

In so holding, however, we decline to follow *Turner*'s adoption of an additional two-month tolling period to account for the physician's communication of test results. Such a tolling provision is not contained in the section 13—212(a) and is contrary to the plain language of that section mandating that the repose period commence upon the date of the act or omission or occurrence resulting in the plaintiff's injury. Here, the omission that caused the plaintiff's alleged injury occurred on June 8, 1993. We therefore conclude that the statute of repose required that the plaintiff file his suit by June 8, 1997. Since the plaintiff did not file his original suit until June 1, 1998, the suit was untimely and the trial court properly dismissed the case pursuant to section 2—619(a)(5) of the Code.

In light of our conclusion that the plaintiff's action was barred by the four-year statute of repose, we need not consider the plaintiff's alternative argument that the complaint was timely under the two-year statute of limitations.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

O'MALLEY and GROMETER, JJ., concur.