In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3536

JEROME AUGUTIS,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12-C-2451 — **George M. Marovich**, *Judge.*

ARGUED SEPTEMBER 13, 2013 — DECIDED OCTOBER 9, 2013

Before BAUER, FLAUM, and ROVNER, *Circuit Judges.*

FLAUM, *Circuit Judge.* After doctors at a Veterans Affairs hospital amputated his right leg below the knee, Jerome Augutis filed an administrative claim for medical malpractice under the Federal Tort Claims Act (FTCA). When his claim was denied, he requested reconsideration; when that too was denied, he filed suit in federal court. By this time, however, over five years had elapsed since the amputation. The district court dismissed the case because under the FTCA the

United States is liable only to the extent a private party would be under state law, and in Illinois plaintiffs must bring medical malpractice claims within four years of the allegedly negligent act or omission. Augutis now appeals. He contends that the FTCA does not incorporate Illinois's four-year limit, that the limit is preempted by the FTCA's own statute of limitations, and that it does not bar his suit in any case. We affirm the decision of the district court.

## I. Background

On July 14, 2006, Jerome Augutis underwent reconstructive surgery on his right foot at the Edward Hines, Jr. VA Hospital in Hines, Illinois. Complications led doctors to amputate his leg below the knee on September 22. Augutis alleges that his amputation was the result of negligent treatment, and on July 11, 2008 he timely filed an administrative complaint with the Department of Veterans Affairs. The Department denied the claim on September 27, 2010 and instructed Augutis that he had six months to request reconsideration or file suit.

Augutis timely filed a request for reconsideration on March 21, 2011. On October 3, 2011, the Department wrote to inform him that "our office has not completed our reconsideration," but that, "[b]ecause the six-month period [during which no lawsuit may be filed] has passed, suit can now be filed in Federal district court, or, additional time can be permitted to allow the agency to reach a decision." The letter also noted that "FTCA claims are governed by a combination of Federal and state laws" and that "[s]ome state laws may limit or bar a claim or law suit." Three days later, on October 6, the Department formally denied Augutis's request for reconsideration. The denial letter explained that "a tort claim

that is administratively denied may be presented to a Federal district court for judicial consideration … within 6 months," although it again noted that "[s]ome state laws may limit or bar a claim or law suit."

Augutis filed suit in federal court on April 3, 2012, over five years after the alleged malpractice occurred, but within six months of the Department's final dismissal. The United States filed a motion to dismiss, pointing to Illinois's statute of repose, 735 ILCS 5/13-212(a), which requires a medical malpractice claim to be brought within four years of the date the alleged malpractice occurred. The district court granted the motion, observing that the FTCA makes the United States liable for personal injuries caused by its negligence "only to the extent it would be liable as a private person under Illinois law." Because Augutis could not sue a private party in 2012 for malpractice that occurred in 2006, it reasoned, he could not sue the United States under the FTCA, either.

## II. Discussion

We review the district court's grant of a motion to dismiss de novo. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

In order to take advantage of the FTCA's "limited waiver" of sovereign immunity, *Luna v. United States*, 454 F.3d 631, 634 (7th Cir. 2006), a claimant must present his claims to the appropriate agency within two years of the date that the claims accrue. 28 U.S.C. § 2401(b). If the agency fails to make a final disposition within six months, the claim is deemed denied and the claimant may file in federal court. 28 U.S.C. § 2675(a). Alternatively, the claimant can give the agency

more time to resolve the claim; if the claim is eventually denied, the claimant has another six months to file a lawsuit. 28 U.S.C. § 2401(b).

A claimant who clears these procedural hurdles is not automatically free to recover under the FTCA, however. That is because the FTCA's jurisdictional grant only covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable … in the same manner and to the same extent as a private individual under like circumstances … ."). Put another way, the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred." *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991).

The government contends that the Illinois statute of repose for medical malpractice claims, 735 ILCS 5/13-212, is substantive law, and thus bars Augutis's suit even though he complied with the FTCA's own procedural requirements. We agree.

## A. Illinois's statute of repose is part of the substantive law of the state where the tortious act or omission occurred

Section 13-212 of the Illinois Code of Civil Procedure states that "[e]xcept as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician or hospital … shall be brought more than 2 years after the date on which the claimant knew … of the existence of

the injury … *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death*." 735 ILCS 5/13-212(a) (emphasis added).

Illinois courts have described section 13-212 as a "bifurcated" provision that "provid[es] both a statute of limitations and a statute of repose." *Kanne v. Bulkley*, 715 N.E.2d 784, 787 (Ill. App. Ct. 1999). Statutes of limitations and statutes of repose are close cousins, but they serve different goals and operate in slightly different ways. "[A] statute of limitations is a procedural device … [whose] running simply bars suit. A statute of repose by contrast is substantive. It extinguishes any right to bring any type of cause of action against a party, regardless of whether such action has accrued." *Boggs v. Adams*, 45 F.3d 1056, 1060 (7th Cir. 1995) (citation and internal quotation marks omitted). Statutes of repose "give[] effect to a policy different from that advanced by a period of limitations," namely, "terminat[ing] the possibility of liability after a defined period of time, *regardless* of a potential plaintiff's lack of knowledge." *Mega v. Holy Cross Hosp.*, 490 N.E.2d 665, 668 (Ill. 1986) (emphasis added).

In keeping with these labels, Illinois courts have consistently construed the four-year limit in section 13-212 as a substantive limit on liability, not a procedural bar to suit. *See, e.g., Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999, 1003 (Ill. 2007); *Cunningham v. Huffman*, 609 N.E.2d 321, 325 (Ill. 1993); *Ferrara v. Wall*, 753 N.E.2d 1179, 1181–82 (Ill. App. Ct. 2001). Indeed, in *Hinkle v. Henderson*, 85 F.3d 298 (7th Cir. 1996), we described the section as "an excellent example of how statutes of limitations and statutes of repose operate." *Id.* at 301. The first part, we said, "is a statute of limitations, because its

running is contingent on accrual—plaintiff must have 'discovered' his injury." *Id.* The second part, by contrast, "is a statute of repose, because it begins to run regardless of 'discovery' and sets an outer limit within which a cause of action must be brought." *Id.*

Augutis argues that 735 ILCS 5/13-212 is not actually substantive law because statutes of repose ordinarily begin to run regardless of discovery, while Illinois allows the four-year limit to be tolled by the doctrine of fraudulent concealment. *See DeLuna v. Burciaga*, 857 N.E.2d 229, 243–44 (Ill. 2006). It is true that Illinois courts have recognized that applying a fraudulent concealment exception to section 13-212 creates an "arguable logical inconsistency." *Id.* at 242. But even so, they have continued to treat the section as a statute of repose that serves substantive, not procedural, goals. *See, e.g., Orlak*, 885 N.E.2d at 1003. Similarly, in *Hinkle*, we recognized that section 13-212 was "substantive, extinguishing the *right* to bring a cause of action," 85 F.3d at 301, even though we later noted that Illinois has "expressly except[ed] … fraudulent concealment from the operation of the statute of repose." *Id.* at 304. We continue to take the Illinois courts at their word when they describe section 13-212 as a substantive limitation on the cause of action for medical malpractice.[1]

---

[1] Several of our sister circuits have also treated statutes of repose as substantive provisions despite a fraudulent concealment exception. *See Huddleston v. United States*, 485 Fed. App'x 744, 745–46 (6th Cir. 2012); *Sanford v. Shea*, 103 Fed. App'x 878, 881 (6th Cir. 2004); *Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F.3d 1283, 1285 (8th Cir. 1994); *cf. First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (continued...)

Augutis also argues that even if section 13-212 is a statute of repose, it is preempted by the FTCA's own procedural scheme. Although we presume that Congress does not intend to supplant state law, we recognize that "state law may be preempted by federal legislation either by express provision, by implication, or by a conflict between federal and state law." *Frank Bros., Inc. v. Wis. Dept. of Trans.*, 409 F.3d 880, 885 (7th Cir. 2005) (internal quotation marks omitted). None of those circumstances is present here, however. The FTCA does not expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law; to the contrary, it expressly incorporates it. *See* 28 U.S.C. §§ 1346(b); *Molzof v. United States*, 502 U.S. 301, 305 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law."). And here there is no conflict between state and federal law because it was possible for Augutis to have satisfied the requirements of both regimes.

Augutis filed his administrative claim within two years of the date that his cause of action accrued. Although he did not receive a response for twenty-six months, by which time the statute of repose had run, after six months he was free to bring an action in federal court under 28 U.S.C. § 2675(a) (the "deemed denied" provision). In other words, Augutis had approximately eighteen months to file suit while complying

---

(...continued)

(4th Cir. 1989) (noting that Maryland expressly applied its fraudulent concealment statute to the medical malpractice statute of repose, but not to its statute of repose for improvements to realty).

with both the FTCA procedures and the Illinois statute of repose. By choosing instead to continue pursuing his administrative claim, Augutis allowed the statute of repose's four-year clock to expire, extinguishing his nascent federal claim. That result was unfortunate—and Augutis may understandably feel frustrated with the pace of the administrative claims process—but that cannot cause us to expand the FTCA's limited waiver of sovereign immunity.

We therefore conclude that, as a substantive limitation on the tort of medical malpractice, the Illinois statute of repose is part of "the substantive law of the state where the tortious act or omission occurred." *Midwest Knitting Mills*, 950 F.2d at 1297. In so doing, we join two of our sister circuits, which have also determined that "an FTCA claim does not lie against the United States where a statute of repose would bar the action if brought against a private person in state court." *Anderson v. United States*, 669 F.3d 161, 165 (4th Cir. 2011); *Smith v. United States*, 430 Fed. App'x 246, 246–47 (5th Cir. 2011) (per curiam); *cf. Huddleston v. United States*, 485 Fed. App'x 744, 745–46 (6th Cir. 2012) (dismissing an FTCA suit where the plaintiff did not file his administrative claim until after the state statute of repose had run).

### B. Augutis's FTCA claim is barred by the Illinois statute of repose for medical negligence claims

Augutis filed his FTCA action in federal court six months after the Department of Veterans Affairs denied his request for reconsideration, but over five years after the allegedly negligent act or omission occurred. The Illinois statute of repose states that "in no event shall [a medical malpractice action] be brought more than 4 years after the date on which

occurred the act … alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a).

Augutis briefly suggests that his administrative claim was an "action" within the meaning of section 13-212, but that is not what the word means in this context. An action must be filed in a court, not with a federal agency. *See* 735 ILCS 5/2-201(a) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint."). In passing, he also argues that he was under a "legal disability" during the pendency of his administrative claim. Like fraudulent concealment, legal disability can toll the statute of repose. *See* 735 ILCS 5/13-212(c). However, the purpose of section 13-212(c) is "to protect the rights of those who are not *competent* to do so themselves." *DeLuna*, 857 N.E.2d at 239 (emphasis added). As Augutis alleges nothing that would call into question his competency to file a federal action—one that, as discussed above, he was free to bring six months after he filed his administrative claim pursuant to 28 U.S.C. § 2675(a)—that provision is inapposite here.

Finally, Augutis argues that the United States ought to be equitably estopped from invoking the statute of repose because the letters he received from the Department of Veterans Affairs caused him to believe he could delay filing suit in district court. As a general matter, equitable estoppel does not apply to statutes of repose. *See McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011). Yet even if Illinois were to recognize an estoppel exception, and even if equitable estoppel were available against the federal government (an open question, *see Solis-Chavez v. Holder*, 662 F.3d 462, 471 (7th Cir. 2011)), that doctrine cannot help Augutis. As the government points out, the Department's first letter to Augu-

tis was sent on September 27, 2010—i.e., shortly *after* the four-year repose period had elapsed. Equitable estoppel requires that there be some detriment to the party that reasonably relies on another party's misrepresentation. *See LaBonte v. United States*, 233 F.3d 1049, 1053 (7th Cir. 2000). But by the time Augutis received anything to rely on, his claim had already been extinguished.[2]

In short, this is not a case "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, Augutis's FTCA claim is barred.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Augutis's case.

---

[2] We do not mean to imply that the Department's September 27, 2010 letter was in fact misleading. Although there is no need to decide that question, we note that the language at issue is required by 28 C.F.R. § 14.9(a).