LAGESEN, J.
*200 *199 Plaintiff was severely injured when, while visiting Cove Palisades State Park, he dove into Lake Billy Chinook and hit his head on a submerged boulder. He sued the state, alleging that the state's negligence causally contributed to his injuries in a number of ways. The state moved for summary judgment, contending that ORS 105.682, the recreational immunity statute, barred plaintiff's claims against it because plaintiff was engaged in a recreational activity at the time of his injuries. Plaintiff opposed the motion, arguing, among other things, that the statute did not apply to Lake Billy Chinook because the state holds Lake Billy Chinook in trust for the public and, as a result, lacks the authority to prohibit the public from using Lake Billy Chinook for recreational purposes. The trial court agreed with the state that it was entitled to recreational immunity under ORS 105.682, granted the motion for summary judgment, and entered a general judgment dismissing the complaint. We reverse, concluding that the trial court's ruling was erroneous in view of our decision today in Ortega v. Martin , 293 Or. App. 180, --- P.3d ---- (2018) -a decision which, as should be obvious, was not available to the trial court.
Under ORS 105.682, a landowner is entitled to recreational immunity from liability for harm resulting from the recreational use of the owner's land when, among other criteria, the owner "directly or indirectly permits any person to use the land for recreational purposes." ORS 105.682(1) (emphasis added). In this case, the question is whether the state "permits" the recreational use of Lake Billy Chinook within the meaning of the statute. Plaintiff argues that, to "permit" recreational use within the meaning of the statute, the state must have the authority to decide whether or not to allow recreational use; that is, it must have the authority to prohibit recreational use. The state, although generally not disputing that it lacks the authority to completely bar the public from the recreational use of Lake Billy Chinook,[1] *200 argues that the word "permits" in ORS 105.682 has a broader meaning that is "something less than granting access that would otherwise be legally unavailable." In the state's view, a landowner "permits" recreational use within the meaning of ORS 105.682"so long as it facilitates public recreation, makes public recreation possible when it otherwise would not be, or declines to restrict recreation as fully as it permissibly could."
Although both readings of the statute are plausible, under our decision in Ortega , plaintiff's interpretation is correct. There, after reviewing the text, context, and legislative history of ORS 105.682 in light of arguments virtually identical to those raised in this appeal, we concluded that, to "permit" recreational use within the meaning of the statute, "an owner must have the authority to make a volitional decision whether or not to allow recreational use on the land in question." Ortega , 293 Or. App. at 193, --- P.3d ----. We reached that conclusion in large part because the text, context, and legislative history of ORS 105.682 demonstrate a legislative "quid pro quo" designed to encourage landowners, who might not otherwise do so, to open their land to the public for recreational use in exchange for the promise of immunity. Id. at 192-94, --- P.3d ----. Thus, *201 where the owner of land does not have the authority to choose whether to allow or disallow recreational use on the land, the owner does not "directly or indirectly permit" any recreational use that occurs on the land for purposes of the statute. Under such circumstances, recreational immunity does not apply.
Here, the state has not effectively demonstrated[2] that it has the authority to decide whether or not to allow the *201 public's recreational use of Lake Billy Chinook. As a consequence, under our decision in Ortega , it has not established as a matter of law that it "permit[ted]" the recreational use of Lake Billy Chinook within the meaning of ORS 105.682. As a result, the state is not entitled to summary judgment on the grounds of recreational immunity. The trial court erred in concluding otherwise.
Reversed and remanded.

Following our decision in Landis v. Limbaugh , 282 Or. App. 284, 385 P.3d 1139 (2016), rev. dismissed , 361 Or. 351, 393 P.3d 1183 (2017), the state submitted a memorandum of additional authorities in which it argued that the state has the authority to prohibit the public recreational use of Lake Billy Chinook, should it do so "in service of other public trust purposes such as navigation or fishing." But below and in its primary brief on appeal, the state did not contend that it had the authority to completely disallow recreational use; its argument, as we understand it, was simply that it qualified for recreational immunity under the statute by virtue of the fact that it had facilitated the recreational use of Lake Billy Chinook and had the authority to regulate that use, even if its interest was not one that allowed it to bar the public from recreational use of Lake Billy Chinook. Under those circumstances, we decline to consider the state's belated contention that it is entitled to affirmance on the ground that it has the necessary authority to decide whether to allow the recreational use of Lake Billy Chinook, in the event the word "permit" is construed to require that authority.

As noted, the state belatedly contended that it has the authority to prohibit the public's recreational use of Lake Billy Chinook but we have declined to consider that argument.