Submitted on remand from the Oregon Supreme Court June 10, affirmed
December 30, 2020

Benjamin McCORMICK,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
by and through the Oregon
State Parks and Recreation Department,
*Defendant-Respondent.*

Jefferson County Circuit Court
14CV00131; A159931

482 P3d 187

Plaintiff sustained severe injuries while visiting The Cove Palisades State Park and thereafter initiated a negligence action against the state. The state moved for summary judgment, and the trial court granted it, concluding that the state was entitled to recreational immunity under ORS 105.682. On review, the Court of Appeals initially reversed the trial court's grant of summary judgment because it concluded that there was a dispute of material fact as to whether, as required for immunity, the state "permitted" the use of the park within the meaning of ORS 105.682. *McCormick v. State Parks and Recreation Dept.*, 293 Or App 197, 200-01, 427 P3d 199 (2018), *rev'd and rem'd*, 366 Or 452, 466 P3d 10 (2020). The Supreme Court disagreed and concluded that the state had "permitted" recreational use of the park within the meaning of the statute. It reversed and remanded for the Court of Appeals to determine whether the state met the other criteria for recreational immunity. On remand from the Supreme Court, plaintiff assigns error to the trial court's entry of summary judgment. He contends that there are factual issues, and a need for further discovery, on the point of whether the $5 fee that the state charged plaintiff and his family when they entered the park by car was a parking fee, which would grant the state recreational immunity, or a fee for the use of the park, which would bar recreational immunity. *Held*: The trial court did not err in granting summary judgment. There was no dispute that, by administrative rule, the fee to enter the park was a parking fee. OAR 736-015-0030(1), (6).

Affirmed.

On remand from the Oregon Supreme Court, *McCormick v. State Parks and Recreation Dept.*, 366 Or 452, 466 P3d 10 (2020).

Gary Lee Williams, Judge.

Shenoa Payne and Haglund Kelley LLP filed the opening brief for appellant. On the reply brief were Shenoa Payne and Shenoa Payne Attorney at Law PC.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Kathryn H. Clarke filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before DeHoog, Presiding Judge, and Lagesen, Judge, and Aoyagi, Judge.

LAGESEN, J.

Affirmed.

**LAGESEN, J.**

This case is before us on remand from the Supreme Court. *McCormick v. State Parks and Recreation Dept.*, 366 Or 452, 466 P3d 10 (2020) (*McCormick II*). At issue is the state's entitlement to recreational immunity under ORS 105.682 in this negligence action for severe injuries sustained by plaintiff when, while visiting The Cove Palisades State Park, he dove into Lake Billy Chinook and hit his head on a submerged boulder. *See McCormick v. State Parks and Recreation Dept.*, 293 Or App 197, 199, 427 P3d 199 (2018) (*McCormick I*), *rev'd and rem'd*, 366 Or 452, 466 P3d 10 (2020). Initially, we reversed the trial court's grant of summary judgment to the state, concluding that there were disputes of material fact as to whether the state "'permit[ted]' the recreational use of Lake Billy Chinook within the meaning of ORS 105.682," so as to entitle it to recreational immunity. *McCormick I*, 293 Or App at 200-01 (brackets in original). Interpreting the statute differently than we had, the Supreme Court reversed our decision on that point, concluding that the state had "permitted" recreational use at The Cove Palisades State Park in a way that could entitle it to recreational immunity if it met all other criteria for immunity. *McCormick II*, 366 Or at 474. It then remanded the case to us to address plaintiff's alternative argument for reversal: that there were factual issues, and a need for further discovery, on the point of whether the $5 fee that the state charged plaintiff and his family when they entered the park by car was a fee for the recreational use of the park—something that would bar recreational immunity—or a parking fee, which would not. *See id.* On consideration of that issue, we conclude that the trial court did not err in granting summary judgment to the state. We therefore affirm.

Under ORS 105.688, the state would not, in general, be entitled to recreational immunity under ORS 105.682 if the state "ma[de] any charge for permission to use the land for recreational purposes." ORS 105.688(3). A "charge," however, "[d]oes not include the fee for a winter recreation parking permit or any other parking fee of $15 or less per day." ORS 105.672(1)(c). So, if the $5 fee that the state charged

plaintiff was a parking fee, then the fact that the state charged plaintiff that fee does not deprive the state of recreational immunity.

Below, in opposing the state's motion, plaintiff argued that he should be permitted additional discovery into the purposes for which the fee was used and that, in all events, the record evidenced factual disputes as to whether the $5 fee was a parking fee or a charge for using the park. The trial court rejected those arguments, concluding that the undisputed facts showed that the $5 fee was for parking, and, thus, was not an immunity-precluding charge under ORS 105.688.

On appeal, plaintiff reiterates the arguments he made below. He asserts that the trial court abused its discretion by ruling on the state's summary judgment motion without allowing plaintiff additional time for discovery in "how the fee was used." He also argues that, even without additional discovery, the record reflects disputes of fact as to whether the fee was for the use of the park, rather than for parking. Thus, plaintiff argues, the state was not entitled to summary judgment on its recreational-immunity defense.

We disagree. First, the trial court did not abuse its discretion by not waiting for plaintiff to conduct additional discovery on the uses that the parking fee was put to because, as the state notes, that evidence likely would be irrelevant to the question of whether the fee was a parking fee. Absent indications of a contrary legislative intention, we give common words their ordinary meanings. *State v. Corcilius*, 294 Or App 20, 23, 430 P3d 169 (2018). The ordinary meaning of the phrase "parking fee" in ORS 105.672(1)(c), in our view, is a fee charged for the privilege of parking. *See, e.g.*, *Webster's Third New Int'l Dictionary* 833 (unabridged ed 2002) (defining "fee" pertinently as "a charge fixed by law or by an institution *** for certain privileges or services"). Evidence of how collected fees ultimately are used would not likely bear on what the fee was charged for, that is, what privilege the fee payer obtained in exchange for paying the fee, or so the trial court permissibly could conclude in determining whether to exercise its discretion to await further discovery.

As for the existence of factual disputes about the nature of the $5 fee, on the summary judgment record before the trial court, all reasonable factfinders would have no choice but to conclude that the state charged the fee for the privilege of parking. *See Wieck v. Hostetter*, 274 Or App 457, 470, 362 P3d 254 (2015) (where party that would have burden of proof on a particular point at trial seeks summary judgment on that point, "our task on appeal, as circumscribed by our standard of review, is to determine whether the uncontroverted evidence presented by [the party] in support of [the] motion for summary judgment is such that all reasonable factfinders would have to find in" that party's favor on the point). Indeed, as the state points out in its brief, by law—an administrative rule—the fee is for the privilege of parking and not for the recreational use of the park. OAR 736-015-0030(1), (6) (providing that the fee for a day use parking permit at The Cove Palisades State Park, among other specified state parks, "is a parking fee and not a charge for recreational purposes under ORS 105.672 to ORS 105.696"). Thus, the trial court correctly concluded that there were no disputes of material fact as to whether the state's $5 fee was a charge for the recreational use of The Cove Palisades State Park, and correctly granted summary judgment to the state.

Affirmed.