In the

# United States Court of Appeals
## For the Seventh Circuit

─────────────

No. 21-1205

DANA LUDWIG, as Independent Administrator of the Estate of
BRENT LUDWIG, deceased,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

─────────────

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-02943 — **Gary Feinerman**, *Judge.*

─────────────

ARGUED OCTOBER 26, 2021 — DECIDED DECEMBER 27, 2021

─────────────

Before FLAUM, ST. EVE, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* After Brent Ludwig drowned in a
tragic accident on United States Forest Service property in Or-
egon, Dana Ludwig, his wife and administrator of his estate,
brought an action against the United States under the Federal
Tort Claims Act. Dana Ludwig sought damages for both neg-
ligence and wrongful death. The district court granted sum-
mary judgment for the United States on the basis that

Oregon's recreational use statute protected the government from suit. Dana Ludwig argues on appeal that the district court's application of Oregon law was erroneous. We agree with the district court and affirm.

I

This case arises from the August 2014 accidental death of Brent Ludwig, who drowned while hiking to Ramona Falls, a waterfall on the Sandy River in the Mount Hood Wilderness in Oregon. The Wilderness, which covers nearly 65,000 acres, is federal land administered by the United States Forest Service. The Forest Service provides parking areas and trail access to the Wilderness's 25 trailheads, including the Ramona Falls Trailhead.

On the day of the hike, Nathan Johnson, a member of the Ludwig hiking group, purchased two passes from the ranger station for the group's two vehicles. After parking, the group hiked to the falls, which took them across the Sandy River. A 20-foot-long wooden seasonal bridge, put there every spring by the Forest Service from 1995 to 2014, spanned the river. Once at the falls, the group ate lunch as it started to rain. They finished lunch and began hiking back, once again crossing the Sandy River bridge. While Johnson and Brent Ludwig—who was last in line—were crossing the bridge, a logjam 100 feet upstream ruptured, sending a five to eight foot tall wave of water and debris at the bridge. Johnson and Brent were thrown into the river, and Brent tragically drowned.

In 2016, Dana Ludwig brought a negligence and wrongful death action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. The United States moved for summary judgment, arguing that Oregon's

recreational use statute applied, granting it immunity from Dana Ludwig's suit. Oregon's statutory scheme creates immunity for a landowner from tort claims for any death that arises out of the use of the land for recreational purposes, including swimming, camping, hiking, waterskiing, and other such outdoor activities. OR. REV. STAT. §§ 105.672(5), 105.682. That immunity doesn't apply, however, to any owner who charges for recreational use of the land. *Id*. § 105.688. But that exception is subject to its own exception; the tort immunity kicks back in if the owner charges only a "parking fee of $15 or less per day." *Id*. § 105.672(1)(c). The result of this statutory scheme is that a property owner is immune from tort liability if it charges a parking fee of less than $15 for use of its land.

The Federal Lands Recreation Enhancement Act (FLREA) limits the Forest Service's ability to charge fees for federal recreational lands and waters. 16 U.S.C. § 6802. As relevant here, the statute authorizes the Forest Service to charge a standard amenity recreation fee for an area that, among other things, contains all the following amenities: designated developed parking; a permanent toilet facility; a permanent trash receptacle; an interpretive sign, exhibit, or kiosk; picnic tables; and security services. *Id.* § 6802(f)(4)(D). Exercising this prerogative, the Forest Service requires visitors to the Ramona Falls Trailhead to purchase a $5 pass entitled National Forest Recreation Pass to park in the Ramona Falls parking area.

The United States, as owner of the land in Oregon where Brent Ludwig drowned, argued that its $5 pass qualified as a parking fee under Oregon law, thereby granting the United States immunity from Dana Ludwig's suit. The district court agreed, concluding that the function of the pass was to give users the privilege to park on Forest Service land based on the

following undisputed facts. The National Forest Recreation Pass is sold for $5 per vehicle per day. The pass tells users to "DISPLAY IN VEHICLE." On its back, the pass states: "The Recreation Day Pass is a vehicle pass honored at day-use sites in Oregon and Washington where 'Recreation Pass Required' signs are posted." And the Forest Service does not require a pass or collect fees from hikers, bikers, and horseback riders who do not park a vehicle in the parking lot.

The district court granted the United States' motion for summary judgment, and Dana Ludwig appealed. The central question on appeal is whether the $5 pass can constitute a parking fee under Oregon law if the pass is not solely for parking but is sold only if other amenities are available.

II

We review de novo a district court's grant of summary judgment, viewing the facts in the light most favorable to the non-moving party. *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 584 (7th Cir. 2021). Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Id*. Here, there is agreement on the material facts. The dispute is a legal one of statutory application.

The FTCA is a limited waiver of the United States' sovereign immunity and imposes liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The United States can assert any substantive limitation on liability under that state's law that a private person could assert in the same circumstances. *Augutis v. United States*, 732 F.3d 749, 754

(7th Cir. 2013). Because Brent Ludwig's death occurred in Oregon, Oregon law and its limitations on liability apply. See *id*. We review de novo a district court's determination of state law in an FTCA case. *Clanton v. United States*, 943 F.3d 319, 323 (7th Cir. 2019).

When applying state law, we look to the state's highest court to determine how it would rule. *Rodas v. Seidlin*, 656 F.3d 610, 626 (7th Cir. 2011). But where, as here, the highest court has not spoken on an issue, we look to state appellate courts absent any persuasive indication that the state supreme court would decide differently. *Id*. It's undisputed that the Forest Service's pass cost $5, so the only pertinent question of law is whether the pass was a parking fee under OR. REV. STAT. § 105.672. If it is a parking fee, then the United States is immune from Ludwig's suit.

The district court correctly invoked and applied an Oregon appellate court case, *McCormick v. State ex rel. Or. State Parks & Recreation Dep't*, 308 Or. App. 220 (2020). *McCormick* dealt with a $5 fee under the Oregon recreational use statutory scheme, and the same issue was before that court—if the $5 fee in question was a parking fee, then immunity applied. *Id*. at 222–23. The Oregon Court of Appeals held that the ordinary meaning of OR. REV. STAT. § 105.672(1)(c)'s "parking fee" is a "fee charged for the privilege of parking." *Id*. at 223. The district court rightly concluded that the Oregon court took a function-over-form approach. In other words, a charge is a parking fee if the charge actually grants someone the privilege to park, not simply if it has the form or title of a parking fee. So, under the Oregon statute, if a recreational user who parks at the recreational site needs to pay a fee for the privilege of parking, then the user has paid a parking fee.

Ludwig argues that the National Forest Recreation Pass is not solely for parking but is bundled with other amenities such as restroom facilities and trail markers, and therefore, the Forest Service does not have immunity under Oregon law. Ludwig cites the FLREA to argue that the Forest Service is prohibited from charging a fee solely for parking, 16 U.S.C. § 6802(d)(1)(A), but rather is authorized to charge a fee if the Forest Service provides designated developed parking along with other amenities (a permanent toilet facility, a permanent trash receptacle, interpretive sign, exhibit, or kiosk, picnic tables, and security services), *id*. § 6802(f)(4)(D).

Ludwig's conclusion depends upon the faulty premise that a fee cannot be a parking fee under Oregon law if the fee includes the availability of other amenities. We do not think a parking fee under Oregon law is so exclusive. Oregon law provides that a parking fee is a fee for the privilege of parking but is otherwise silent on the presence or absence of attendant amenities. The question under Oregon law is "what [was] the fee charged for, that is, what privilege [did] the fee payer obtain[] in exchange for paying the fee[?]" *McCormick*, 308 Or. App. at 223. Nothing suggests that the privilege to park need be exclusive of other amenities to qualify as a parking fee under Oregon law. This understanding of Oregon law accords with reality; parking fees are accompanied by amenities all the time. Purchasing a pass for a parking garage that provides security and restrooms grants the purchaser the privilege of parking *and* the privilege of accessing the garage's accompanying amenities. But the fee remains a parking fee. The presence of other amenities does not undermine the purpose of the fee.

And so here. Under Oregon law, the Forest Service's $5 pass was a fee for the privilege of parking. The undisputed evidence shows that anyone parking a vehicle at the Ramona Falls Trailhead lot had to purchase a pass from the ranger's station or online. The pass was a "vehicle pass" sold per vehicle, not per person, and was required to be displayed in the parked vehicle. Critically, hikers, bikers, and horseback riders did not need a pass—the pass was for the privilege of parking a vehicle at the trailhead. That the Forest Service also satisfied its own statutory requirements by providing all the required amenities listed in § 6802(f)(4)(D) does not preclude the pass from qualifying as a parking pass under Oregon law. In other words, it doesn't matter that the Forest Service included those five amenities alongside its parking privileges, because the charge was, ultimately, for the privilege of parking.

In any case, we are not, as Ludwig asserts, "called upon to construe two statutes [the FLREA and the Oregon immunity statute] together." Appellant's Br. at 29. Under the FTCA, we are called upon to construe and apply state law and state law limitations on tort liability. Our construal of Oregon law is not affected by our construal of the FLREA. So even if we accepted all of Ludwig's interpretations of FLREA, that would still not disturb the meaning or application of a parking fee under the Oregon statute. The meaning of parking fee under Oregon law remains a fee charged for the privilege of parking.

Ludwig advances other well-articulated arguments that the National Forest Recreation Pass is not a parking fee under Oregon law, but none are persuasive. Ludwig attempts to distinguish *McCormick* by noting that the receipts for passes in that case explicitly labeled the passes as parking fees, whereas the National Forest Recreation Pass's title is more

ambiguous. Because the title of the pass is Recreation Pass and not simply Parking Pass, Ludwig contends, the pass must cover more than just parking. But the Oregon statute takes a functional, not a formal, approach to parking fees. That means that the label of the pass is not the dispositive element. It doesn't matter whether the pass is titled—pursuant to FLREA—National Forest Recreation Pass or whether it describes itself as a vehicle pass. What matters is that visitors to the Ramona Falls Trailhead were required to buy a National Forest Recreation Pass only if they parked there, i.e., for the privilege of parking. Ludwig also argues that the fee was not a parking fee because all passengers in a car are jointly liable for a fine resulting from failure to pay the fee, see 16 U.S.C. § 6811(c), and because of the possibility that the Forest Service charged for parking and not per person out of efficiency concerns. Both arguments fail for the same reason— the charge remains for the privilege of parking. The fine is a penalty for failure to appropriately pay for the vehicle occupants' privilege to park, no matter who pays it. And the Forest Service has decided to charge visitors for the privilege to park, no matter the reason—efficiency or otherwise. That decision does not violate the FLREA (at least) because the required amenities listed in § 6802(f)(4)(D) are present at the Ramona Falls Trailhead.

We conclude that the Forest Service charged a parking fee under Or. Rev. Stat. § 105.672(1)(c). Accordingly, the United States is immune from this suit under Oregon law, and summary judgment was properly granted to the United States.

Affirmed