In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 21-1966

DAVID BOURKE,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20 C 4427 — **Jorge L. Alonso**, *Judge.*

---

ARGUED NOVEMBER 29, 2021 — DECIDED FEBRUARY 2, 2022

---

Before EASTERBROOK, SCUDDER, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge*. David Bourke was exposed to fumes during his employment with the Veterans Administration. He received treatment at a VA hospital and contends that medical malpractice there caused him serious injuries. After he sought compensation from two sources—(1) the Department of Labor (under the Federal Employees Compensation Act) for on-the-job injuries and any consequences of those

injuries, and (2) the United States (under the Federal Tort Claims Act) for medical malpractice—each body pointed to the other as the right source of relief. The Department of Labor processed Bourke's claim but found that he had not shown that his asserted injuries had been caused either directly or indirectly by exposure to fumes, and the VA (handling the FTCA claim) concluded that, once Bourke applied to the Department of Labor, all other sources of relief were precluded.

Having got the runaround, Bourke turned to the judiciary under the Tort Claims Act. He now accepts the Department of Labor's conclusion that conditions at work did not cause the medical issues for which he was treated by the VA, and he contends that he is entitled to relief under the FTCA for medical malpractice. The district court rejected his complaint on the ground that the Federal Employees Compensation Act offers his sole avenue of relief. 2021 U.S. Dist. LEXIS 96045 (N.D. Ill. May 20, 2021). Once the Department of Labor adjudicates a claim, the judge held, the applicant must accept the result because the Compensation Act forecloses other sources of relief, see 5 U.S.C. §8116(c), and 5 U.S.C. §8128(b)(2) blocks judicial review of the Department's decisions.

But Bourke is not seeking judicial review of the Department of Labor's decision. He accepts its conclusion that fumes in his workplace did not cause the conditions for which he was treated by the VA. Bourke once argued otherwise but now treats the Department's decision as gospel. Someone who loses before the Department can't contest that outcome in court—but Bourke insists that a loser may pursue other remedies that are compatible with the Department's views. The United States, however, defends the district court's

conclusion that, once the Department of Labor accepts a claim for resolution, the claimant has forfeited any other potential remedy.

By that standard, if a federal employee wrongly thought that he had been poisoned at work, and that belief led him to cross the road to seek medical care, he could not sue a Postal Service driver who negligently hit him or a robber who relieved him of his wallet after he was disabled by the careening postal van. That seems an extravagant outcome to attribute to the exclusivity clause in §8116(c), which says no more than that "[t]he liability of the United States … under this subchapter … is exclusive and instead of all other liability".

Liability "under this subchapter" is exclusive, but how far does this extend? "[T]his subchapter" refers to Subchapter I of Chapter 81 of Title 5—in other words, to 5 U.S.C. §§ 8101–52. Subchapter I covers on-the-job injuries suffered by federal employees. See 5 U.S.C. §8102(a). If an injury comes within Subchapter I, then consequential losses also are covered. Courts have concluded that the United States is liable when an on-the-job injury is treated negligently at a hospital, magnifying the job-related loss. See *Baker v. Barber*, 673 F.2d 147, 150 (6th Cir. 1982); *Balancio v. United States,* 267 F.2d 135, 137 (2d Cir. 1959). Cf. 5 U.S.C. §8101(3), (5). And when an injury comes within the Federal Employees Compensation Act, the employee cannot turn to other sources of damages. The district court relied on these cases when ruling against Bourke. The flaw in that approach, however, is the Department of Labor's finding that Bourke was *not* injured on the job, and thus was *not* treated by the VA for a condition that arose out of his employment. That finding took Bourke's claim for medical malpractice at the VA outside the scope of Subchapter I.

According to the United States, §8116(c) precludes liability under the FTCA whenever the Department of Labor "accepts" a claim for adjudication, no matter what the Department does next. Yet the statute does not say this. It links exclusivity to "liability of the United States … under this subchapter". If the Department concludes that the United States is not liable "under this subchapter" because the claimant's injury does not stem from the job, then "this subchapter" drops out. And that's what the Department concluded about Bourke: he was exposed to fumes on the job but not injured by them. We have not found any language in Subchapter I supporting the proposition that *any* adjudication by the Department of Labor knocks out every source of compensation for injuries unrelated to federal employment. *Baker* and *Balancio* hold that consequential damages are compensable under the Federal Employees Compensation Act, but they do not hold that losses that can't be traced to on-the-job injuries are covered by this Act.

We've already given one example: an employee who crosses the street while healthy and is hit by a van. Here's another. A federal employee smells an odor at work and goes home. Instead of resting in an easy chair until his workday would have ended, he takes a bicycle ride, falls, and breaks his arm. He then reports to a VA hospital, where his arm is amputated by a surgeon who should have set the broken bone instead. The Department of Labor concludes that nothing was wrong at the workplace (the smell came from Limburger cheese in someone else's lunch) so that the employee did not suffer an injury within the scope of the Federal Employees Compensation Act. The Department's finding would take the situation outside Subchapter I and permit the employee to sue for medical malpractice under the Tort Claims Act.

Any other approach allows ambiguity to defeat liability. Consider Bourke's situation (as Bourke describes it). Fumes at work sickened him and led him to seek medical care, which made his condition worse. On that understanding, the United States bears responsibility, for it operated both the workplace and the VA hospital. But it is unclear whether the fumes or the request for medical care led to compensable injuries. Each agency blames the other—and, even though one or the other must be responsible, the United States escapes all liability because it is impossible to be sure just where the causal chain began. The language of the Federal Employees Compensation Act does not command such an outcome. Once the Department of Labor declares that on-the-job loss did not occur, Subchapter I falls out and the employee can try elsewhere.

The United States asks us to affirm on an alternative ground: the statute of repose for tort claims in Illinois. The FTCA sets two time limits: an administrative claim no later than two years after the injury and a suit no more than six months after the agency mails its decision on the administrative claim. 28 U.S.C. §2401(b). Bourke met these two deadlines, but the United States nonetheless maintains that his suit is too late, because Illinois sets a four-year outer bound for all tort actions against physicians or hospitals. 735 ILCS §5/13-212(a). That time expired while the VA had Bourke's administrative claim under consideration. According to the United States, the fact that FTCA liability generally tracks state law means that state time limits apply in addition to the time limits in §2401(b). That proposition finds support in *Augutis v. United States*, 732 F.3d 749, 753 (7th Cir. 2013), which Bourke has not asked us to revisit. But he does ask us to remand without reaching the subject. He observes, correctly, that his suit was dismissed on the pleadings, which need not anticipate

and refute affirmative defenses such as statutes of limitations and repose. What's more, Bourke insists, Illinois would not start the four-year period until his course of treatment at the VA had been completed. We do not address any of these matters; they are for the district court in the first instance.

One final comment. The district judge dismissed Bourke's complaint for want of jurisdiction, apparently under Fed. R. Civ. P. 12(b)(1). Yet federal courts have jurisdiction over suits under the Federal Tort Claims Act. They do lack jurisdiction of suits under the Federal Employees Compensation Act, where the administrative decision is conclusive, but this suit rests on the FTCA. The Supreme Court deems some aspects of the Tort Claims Act to be jurisdictional, but even then it has concluded that the FTCA's waiver of sovereign immunity merges with the claim's substance and that a decision therefore should be treated as one on the merits. See *Brownback v. King*, 141 S. Ct. 740, 749 (2021). Bourke may or may not prevail in the end, but a federal district court is authorized to decide whether he has a good claim under the FTCA or instead the United States has a good defense. Only if Bourke loses under the statute could a court properly say that immunity bars the suit—and then, as *Brownback* holds, the decision would be *both* on the merits and for lack of jurisdiction.

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.