655

Submitted on record and briefs August 15,
reversed and remanded October 6, 1980

# HARRIS,
*Appellant,*

*v.*

# ERICKSON,
*Respondent.*

## (No. 116-003, CA 17316)

617 P2d 685

Arnold M. Harris, Salem, filed the brief pro se for appellant.

Katherine H. O'Neil, Guy C. Stephenson and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff, an inmate at the Oregon State Penitentiary, representing himself, filed this medical malpractice claim against defendant for failure properly to diagnose what plaintiff claims is a rare disease which prevents plaintiff's body from properly assimilating salt or water. As a result of this disease, plaintiff claims he is losing his sight.

The trial court granted defendant's motion for summary judgment. We reverse.

In accordance with ORCP 47D, defendant supported his motion for summary judgment with his affidavit to the effect that he had conducted an examination of plaintiff, complying with the standards of medical practice, and found plaintiff to have no disease and that his sight was consistent with his age. Plaintiff in opposition to the motion filed a memorandum and affidavit to the effect that he did have the rare disease referred to and that defendant had failed to diagnose it properly. Plaintiff conceded that he was not medically trained.

■ ■   ORCP 47D provides that when a motion for summary judgment is supported by affidavits, the party opposing the motion may not rest upon the allegations of his pleadings but must oppose the motion by affidavits or otherwise, setting forth the specific facts showing that there is a genuine issue of material fact for trial. Such factual statement, however, must be such as would be admissible in evidence. Here, plaintiff concedes that he has no medical training and his claim that he was afflicted with a rare disease which a reasonable medical practitioner would diagnose requires expert testimony. *Getchell v. Mansfield,* 260 Or 174, 179-80, 489 P2d 953 (1971). Plaintiff's testimony concerning his own condition would not be admissible on the issue and his affidavit was therefore insufficient. Under ordinary circumstances, we would conclude the motion for summary judgment was properly allowed.

Here, however, plaintiff alleges in his affidavit that he has been precluded from obtaining a diagnosis of his disease by a physician of his own choice and at his own expense by the Oregon State Penitentiary, which had retained defendant for the purpose of diagnosing plaintiff's claimed disease. According to plaintiff's affidavit, the refusal was based upon defendant's report to the Oregon State Penitentiary, which failed to recommend that plaintiff see another physician. Plaintiff's dilemma is obvious. He could not support his opposition to the motion for summary judgment with an expert's affidavit because he was precluded from seeing an expert.

A prisoner's right to maintain a civil action (ORS 137.275) is meaningless unless the avenues of discovery are available. Additionally, the right effectively to oppose a motion for summary judgment is an important procedural right. ORCP 47E provides:

"Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present by affidavit facts essential to justify the opposition of that party, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just."

After defendant filed his motion for summary judgment plaintiff filed a "MOTION TO FORESTALL PROCEEDINGS (INCLUDING SUMMARY JUDGMENT) UNTIL AFTER PLAINTIFF IS ABLE TO BE DIAGNOSED BY A DOCTOR OF HIS OWN CHOOSING." The motion to forestall proceedings was opposed and was denied. One of the stated purposes of plaintiff's motion was to permit plaintiff to "try to discover evidence of his own physical condition for purposes of this suit * * *." Plaintiff also assigns the denial of this motion as error.

*Harris v. Pate,* 440 F2d 315 (7th Cir 1971), decided under the Federal Rules of Civil Procedure is in point. Plaintiff there, an inmate in the Illinois state prison representing himself, brought a civil rights action against prison officials. Defendants interposed

a motion for summary judgment. Plaintiff opposed the motion with a "cross-motion to dismiss defendant's motion" requesting a continuance claiming that he was unable to support his motion with affidavits because of difficulty communicating with outsiders.

In holding that the denial of the motion for[1] continuance was error, the court stated:

"The drafters of Rule 56 [summary judgment] anticipated the possibility that an opposing party might require additional time in order to obtain counteraffidavits and expressly provided for the granting of a continuance upon a proper showing. [Footnote omitted.] Of course, in the first instance the decision to permit a continuance is within the sound discretion of the trial court. Given the circumstances of this case, however, the trial court's refusal to grant a continuance was an abuse of its discretion. Plaintiff was not represented by counsel and, because of his incarceration, he was less able than an ordinary party to obtain affidavits effectively and expeditiously. Furthermore, the pleadings which he sought to support complained of special disabilities affecting his communication with outsiders. The failure to grant Harris's motion deprived him of a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' In effect, it deprived him of an adequate opportunity to be heard. *Cf., Georgia Southern & F. Ry. Co. v. Atlantic Coast Line R. Co.,* 373 F.2d 493, 497-498 (5th Cir. 1967) *cert. denied* 389 U.S. 851, 88 S. Ct. 69, 19 L.Ed.2d 120. [Footnote omitted.]

"The Federal Rules are explicit in their requirement that a party opposing a motion to dismiss for failure to state a claim for relief, accompanied by exhibits and affidavits, must be afforded a full opportunity to respond pursuant to Rule 56. The right to respond by affidavit or otherwise cannot be denied merely because the trial judge believes that plaintiff's claim is insubstantial or frivolous. *Cohen v. Cahill,* 281 F.2d 879 (9th Cir. 1960); *see, also, Bane v. Spencer,* 393 F.2d 108 (1st Cir. 1968) (per curiam), *cert. denied* 400 U.S. 866, 91 S. Ct. 108, 27 L. Ed2d 105. We hold that the denial of a continuance improperly deprived plaintiff of an important procedural right." 440 F2d at 318-19.

From plaintiff's affidavit it affirmatively appeared that he could not "present by affidavit facts essential to justify [his] opposition * * *" to the motion for summary judgment. We construe his reference to his desire to obtain evidence as sufficient to apprise the trial court of his intent to obtain medical information from which he may have been able to obtain affidavits.

Although the Oregon Rules of Civil Procedure do not contain a provision like FRCP 12B set out in the margin[1] (see ORCP 21A), we view the language of ORCP 47E which is practically identical to that of FRCP 56F to require the same construction. ORCP 1 provides that "These rules shall be construed to secure the just, speedy, and inexpensive determination of every action." Although the Oregon Rules are not explicit in their requirement that parties opposing a motion for summary judgment "shall" be given reasonable opportunity to present all material made pertinent to such motion, we believe the requirement is implicit therein in view of the stated purpose of the rules for the just determination of litigation. Though we recognize, as did the court in *Harris,* that the decision to grant a continuance or other relief under ORCP 47E is discretionary, under the unusual facts in this case, we conclude that the discretion was abused.

Plaintiff was entitled to a reasonable continuance under conditions and restrictions consistent with prison security to obtain, at his own expense, an independent medical opinion concerning his condition. The denial of that motion and the acceptance of the application for summary judgment in effect prevented plaintiff from exercising his procedural right to oppose

---

[1] FRCP 12B provides:

" * * * If, on a motion asserting the [failure to state a claim upon which relief can be granted], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

with competent affidavits defendant's motion for summary judgment.

Reversed and remanded for further proceedings consistent with this opinion.