Argued and submitted June 10, affirmed September 30, reconsideration denied December 2, 1992, petition for review denied January 26, 1993 (315 Or 312)

## MAX 327, INC.,
### an Oregon corporation,
### *Appellant,*

*v.*

## CITY OF PORTLAND,
### a municipal corporation,
### *Respondent.*

(8911-06826; CA A68826)

838 P2d 631

Barry L. Adamson, Lake Oswego, argued the cause and filed the briefs for appellant.

Harry M. Auerbach and Nancy E. Ayres, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff appeals from a judgment for defendant city in this action for specific performance of a renewal option in a commercial lease. We affirm.

In February, 1988, Hamid Asgari and Kamy Asgari leased retail space in the Morrison Park East Parking structure. In July, 1988, the Asgaris assigned their interest to plaintiff. In March, 1989, plaintiff and defendant executed an addendum to the lease which, *inter alia*, granted plaintiff an option to renew, "provided that [plaintiff] is not then in material default hereunder." On July 12, 1989, plaintiff's attorney sent defendant a letter stating its decision to exercise the option to renew. On July 18, defendant responded by letter, claiming that plaintiff was in default for failing to pay the property taxes due on July 15. Plaintiff paid the taxes, but defendant later notified it of additional existing defaults that it asserted precluded plaintiff from exercising the option.

Plaintiff then brought this action for specific performance. It does not dispute that there is evidence that, when it notified defendant that it was exercising the option, it was in default of the lease agreement in several respects. However, it argues that the trial court erred in rejecting its argument that the July 15 letter constituted a waiver by defendant of its right to assert the other defaults. As pertinent, the letter reads:

"Please be advised the City of Portland finds Max 327, Inc. in default of their lease with the City dated February 26, 1988 and approved by City Council on March 23, 1988 via Ordinance #160596. The City of Portland has not received $1,191.56 for the real property tax payment due July 15, 1989, as agreed in the lease addendum dated March 23, 1989. Demand is hereby made for payment of $1,191.56 as provided by the terms of that agreement. Max 327, Inc. has no right to exercise their option to extend the lease term beyond the March 31, 1990 since they are currently in default.

"\* \* \* \* \*

"If Max 327, Inc. cures their default and wishes to exercise their option to extend the lease term, please consider this letter notice to Max 327, Inc. that the offered sum of $11.50 per square foot is rejected, as that sum is not the market rate for comparable lease sites."

Waiver is the intentional relinquishment of a known right, manifested in an unequivocal manner. *Waterway Terminals v. P. S. Lord*, 242 Or 1, 26, 406 P2d 556 (1965). Plaintiff contends that the letter can be interpreted in only one way: Defendant had determined that plaintiff was in default only because of its failure to pay the taxes and that, if plaintiff cured that default, plaintiff would have exercised its option, in which case defendant was rejecting the proposed rent in advance. Defendant argues that, in the context of the relationship between the parties, the letter cannot be read as a waiver.

On *de novo* review, *Heinzel v. Backstrom*, 310 Or 89, 794 P2d 775 (1990), we agree with the trial court that the evidence does not show that defendant intended to waive its rights. The letter specifically addresses one default; it does not address any others. However, under the lease, plaintiff could be in default in a variety of ways, and the lease does not require defendant to give any notice of default. More importantly, as plaintiff itself points out, the failure to pay taxes was *not* a default at the date of the letter. Under the lease, plaintiff had a 10-day grace period from the date the taxes were due in which it could pay. Nonetheless, the letter was not an unequivocal relinquishment of rights.

As evidence that defendant intended to waive other defaults, plaintiff relies on the testimony of Holuka, defendant's property manager and the author of the letter. She testified that the letter was to remind plaintiff that it was in default and "how [it] was in default." She testified that plaintiff had every right to exercise the option if it was not in default. She testified that, when she wrote the letter, she was aware of other defaults. However, she did not mention them and could not explain why the letter identified only one:

"Q. You [Holuka] received the notice of the exercise of the option by your testimony on July 17th, 1989?

"A. Yes.

"Q. The next day you sent a July 18th letter that you have before you, claiming that they have not yet paid their property taxes?

"A. Yes.

"Q. Did you look over the rest of their account before writing this letter?

"A. I'm sure I must have.

"Q. Why * * * did you not then call to their attention that they did not pay July rents?

"A. I can't answer that. I can't say."

Her testimony does not assist plaintiff. That defendant had no reason for omitting notice of other defaults does not show that it voluntarily relinquished its right to assert them.

The evidence shows that neither party considered the letter to constitute a waiver. *See Wallstreet Properties v. Gassner*, 53 Or App 650, 662, 632 P2d 1310 (1981). On August 25, defendant sent plaintiff a letter advising it that it was in default because of its delinquent rental account and stating that "the City will not enter into negotiations for renewal of the lease until the account is paid in full." Plaintiff responded on August 29, but it did not contend that defendant had waived its right not to negotiate, because it had not earlier asserted the claimed default of a delinquent account. Indeed, plaintiff's first claim of waiver was asserted in this action.

A waiver can be retracted at any time before the other party has materially changed position in reliance thereon. *Wallstreet Properties v. Gassner, supra*, 53 Or App at 661. The evidence does not show that plaintiff changed its position in reliance on the July 18 letter. Although it paid the taxes after receipt of the letter, that was required under the lease, whether or not the option was exercised. Plaintiff points to no other action that it took before receiving the August 25 letter, in which defendant continued to assert that plaintiff was in default.

Affirmed.