Submitted on record and briefs August 13, 1993, affirmed May 25, 1994

Richard P. CARO,
*Respondent,*

*v.*

James A. HANSEN,
*Appellant.*

(16-92-08402; CA A79185)

875 P2d 512

Terence J. Hammons and Hammons, Mills & Spickerman filed the brief for appellant.

Richard P. Caro filed the brief *pro se*.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals from a summary judgment for plaintiff in this action for specific performance of a contract provision. Defendant argues that there were issues of material fact that preclude summary judgment or, in the alternative, that the court should have ordered a continuance of the motion, pursuant to ORCP 47F, so that defendant could have obtained discovery to meet the motion. We affirm.

Plaintiff is an attorney who represented defendant in, among other matters, a federal civil rights action. After defendant failed to pay under a fee agreement that he had entered into with plaintiff, the parties entered into a revised agreement. A dispute arose regarding payments on that agreement. On September 17, 1991, the parties entered into a third agreement, which is at issue in this case. They agreed that defendant currently owed $65,000 plus interest for legal services that plaintiff had already provided, and that defendant might incur additional sums as a result of plaintiff's continued representation of defendant. The September, 1991, agreement provided that plaintiff would continue to represent defendant in the current litigation, and defendant would pay $20,000 in September and $1,000 per week thereafter on the $65,000 already owing. Defendant agreed to continue making payments of $1,000 per week, after the $65,000 was paid, to be applied to any indebtedness incurred after the date of the agreement. The September, 1991, agreement also provides, in part:

"8. [Plaintiff] shall continue to present to [defendant], in a timely fashion, any billings for future services or costs. If [defendant] fails to dispute the accuracy or the amounts of such billings within seven days of the receipt thereof, then it shall be conclusively presumed that [defendant] agrees with the said billings.

"9. If [defendant] protests the amount of fees or costs herein provided, then such dispute shall be settled by mandatory arbitration."

The agreement also provided that defendant would execute a security interest in favor of plaintiff in all corporate stock of Bomerato Enterprises, Inc., of which defendant was the sole owner, and would deliver the stock certificates to plaintiff and have the security interest recorded in the corporate records.

Plaintiff continued to represent defendant through trial of the civil rights claim in April, 1992. Meanwhile, defendant paid $63,000 in accordance with the September, 1991, agreement. However, he stopped making the $1,000 weekly payments in early July, 1992. Moreover, he never delivered the stock certificates to plaintiff.

Plaintiff brought this action for specific performance of the September, 1991, agreement, specifically defendant's agreement to deliver the stock certificates as security for the unpaid debt. Plaintiff moved for summary judgment, supported by an affidavit in which he testified that he had made several requests for the promised security over several months, and that defendant did not deliver the stock. In particular, plaintiff testified that, on July 15, 1992, after defendant had stopped making his weekly payments, plaintiff notified defendant that he was in default, and formally demanded delivery of the promised security.

Defendant did not dispute that he entered into the September, 1991, agreement, that plaintiff continued to represent him through trial, that he stopped making the payments under the agreement in July, 1992, after having paid $63,000, or that he never delivered the stock certificates to plaintiff. In his affidavit, he did say that plaintiff never made a demand for the stock certificates until July, 1992. He also said:

> "I deny that I owe Plaintiff any funds at all, and I believe that I have overpaid him. I believe that he grossly overcharged me for his representation. That issue is currently pending before the arbitration panel, pursuant to the terms of the * * * retainer agreement which Plaintiff required me to sign."

Defendant also asserted that plaintiff had failed to produce records that he believed would have established that he had been overcharged. Defendant requested that the trial court deny the summary judgment motion, or at least postpone decision on it under ORCP 47F until the completion of discovery. The trial court granted plaintiff's motion.

On appeal, defendant argues that the trial court erred in granting summary judgment to plaintiff because there are material issues of fact regarding plaintiff's right to

the security and because the court should have either denied the motion or granted a continuance under ORCP 47F.

We first address defendant's argument that there are genuine issues of material fact. Defendant asserts that three facts are in dispute: whether plaintiff waived his right to the security by failing to demand it, whether defendant owes any sums for services provided by plaintiff, and whether the parties ever discussed the form of security that he was to provide.

As to waiver, defendant claims that, by accepting defendant's payments over several months, continuing to represent him, and never raising the subject of the security again until ten months after the agreement was signed, plaintiff waived his right to the security. Plaintiff responds with evidence that he did make demands for the security between the time the agreement was signed and July, 1992, when he made a formal demand. He also asserts that, even if there was a waiver by his conduct, he was entitled to retract his waiver in July, 1992.

We agree with plaintiff that he retracted any waiver. In *Wallstreet Properties v. Gassner*, 53 Or App 650, 660, 632 P2d 1310 (1981), we said:

> "A party may waive the occurrence of a condition included in the contract for his sole benefit. *Dan Bunn, Inc. v. Brown*, [285 Or 131, 590 P2d 209 (1979)]; *Prestige [H]ouse, Inc. v. Merrill*, 51 Or App 67, 624 P2d 188 (1981). A waiver is a voluntary relinquishment of a known right, *Sandblast v. Williams*, 254 Or 395, 460 P2d 1014 (1969), accomplished by a manifestation of willingness by a party that his duty to perform shall no longer be dependent on the occurrence of the condition. *Restatement of Contracts*, § 297, 439-41 (1932). However, '[s]uch a waiver * * * can be retracted at any time before the other party has materially changed his position in reliance thereon * * *.' *Id.* at 440." *Accord Max 327, Inc. v. City of Portland*, 115 Or App 342, 346, 838 P2d 631 (1992), *rev den* 315 Or 312 (1993).

Even if plaintiff's conduct before July, 1992, constituted a waiver of his right to demand performance of the stock security provision of the contract, there is no dispute that plaintiff formally demanded the security in July. That demand constituted a retraction of any waiver. Defendant

neither asserted nor presented any evidence that he had materially changed his position in reliance on plaintiff's earlier conduct. Therefore, there is no issue of fact regarding waiver.

■     Defendant next argues that there is an issue of fact as to whether he owed money to plaintiff in the first place. Without a debt, he argues, there is nothing to secure. Defendant relies on his affidavit stating that he believes he was overcharged and has already paid plaintiff too much.

The September, 1991, agreement provides that the parties acknowledge that plaintiff owed $65,000 when the agreement was executed. It also provides that, if defendant fails to dispute the accuracy or amount of further billings within seven days of receipt, it is conclusively presumed that he accepts them. Moreover, any disagreement about the amount of fees is subject to mandatory arbitration.

Defendant does not dispute that he stopped making payments before he had paid the $65,000 that he agreed he owed. He does not assert that he disputed the billings submitted by plaintiff in the time provided by the agreement. Moreover, any dispute about the amount of fees incurred after September, 1991, is subject to arbitration, and it is undisputed that the matter has been submitted to arbitration. Because the undisputed evidence is that defendant owes at least $2,000 to plaintiff, there is no factual issue concerning whether plaintiff is entitled to the security provided in the agreement.

■     Defendant's final factual argument is that the parties never discussed the form of the security interest that he agreed to execute. Defendant apparently assumes that the agreement cannot be enforced without the negotiation of the form of the security interest. The September, 1991, agreement, however, does not require the execution of a particular form of security interest. It requires execution of a "security interest" in the stock of a named company, and delivery of the stock to plaintiff with the security interest being recorded in the corporate records. Defendant's assertion that the parties did not discuss the form of the security interest to be executed is not material.

■■ Finally, we address defendant's argument that the trial court should have denied the motion for summary judgment or granted a continuance of the motion, under ORCP 47F. We review the trial court's decision for an abuse of discretion. *Harris v. Erickson*, 48 Or App 655, 660, 617 P2d 685 (1980). ORCP 47F provides:

> "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present by affidavit facts essential to justify the opposition of that party, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just."

Defendant asserts that he could not adequately meet plaintiff's motion because plaintiff had not produced records that he wished to review. Those records relate to what fees, if any, defendant owes to plaintiff. As we explained above, that issue is the subject of arbitration. Moreover, given that it is undisputed that defendant owes at least $2,000 to plaintiff, the records that defendant says he needed were immaterial to plaintiff's entitlement to specific performance. The trial court did not abuse its discretion.

Affirmed.