LAGESEN, P. J.
*456 In this medical malpractice action, plaintiff alleges that defendant Roberts, a doctor, negligently failed to diagnose her with deep vein thrombosis, resulting in the impairment of her left leg, causing economic and noneconomic damages. Plaintiff also alleges defendant Providence Milwaukie Hospital is vicariously liable for that alleged negligence. The trial court dismissed the complaint with prejudice after granting defendants' motions for summary judgment on the ground that plaintiff failed to submit an *512 affidavit from an expert who was available and willing to testify that Roberts's conduct failed to meet the standard of care. We affirm.
The pertinent facts are procedural. Plaintiff filed this action in December 2012. She was represented by counsel at the time. Defendants each moved for summary judgment on the ground that, among other things, plaintiff would be unable to come forward with sufficient evidence to give rise to a genuine dispute of material fact on her negligence claim because, in their view, she would be unable to find a medical expert who would testify that Roberts's conduct breached the applicable standard of care or that any negligence on his part caused plaintiff's injuries. In response, plaintiff, through counsel, submitted an ORCP 47 E affidavit in which plaintiff's counsel certified that "plaintiff has retained an expert witness who is qualified, willing and available to testify to admissible facts or opinions that would create a question of fact as to the issues raised" by defendants' motions. Defendants then alerted the court by letter that "the issues raised in defendants' motions have now been resolved and a hearing is no longer necessary."
Shortly thereafter, the trial court reset the scheduled trial date from August 25, 2014, to August 3, 2015. In March 2015, plaintiff's counsel moved to withdraw because family caregiving obligations precluded him from continuing to represent plaintiff. Plaintiff consented to the withdrawal, and the court allowed the motion. Plaintiff then moved to set over the trial. Plaintiff represented that she had spoken with an attorney in Seattle "who has indicated that he would represent me but only if there were a setover *457 of the trial date." The court granted the motion, setting trial for August 22, 2016.
In December 2015, counsel for defendant Roberts contacted the Seattle lawyer who plaintiff had said she planned to retain. That lawyer stated that he was still evaluating whether to take the case and that defendants should consider plaintiff to be unrepresented. Defendants then renewed their summary judgment motions. Defendant Roberts contended that there was reason to believe that plaintiff no longer had an expert witness to support her claim. Defendant Providence also pointed out that, because plaintiff was not represented by counsel, under Due-Donohue v. Beal , 191 Or. App. 98, 80 P.3d 529 (2003), plaintiff could not rely on an ORCP 47 E affidavit to create a factual dispute on a matter for which expert testimony was required. Instead, defendants asserted, plaintiff "must present actual admissible evidence from a qualified medical expert to show that defendants violated the standard of care and that, but for defendants' negligence, she would not have suffered the alleged harm."
The trial court scheduled a hearing on the motions for January 21, 2016. Plaintiff did not file a response to the motions before that date. At the hearing, plaintiff requested a setover of the hearing, again representing that she planned to retain the Seattle lawyer "on Saturday afternoon." Defendants objected to the postponement, argued that plaintiff had not demonstrated good cause, and pointed out that the case had been going on for more than three years. The trial court ruled that "a limited postponement of the hearing on these motions is appropriate under the circumstances" and reset the hearing for March 16. The court then told plaintiff that there would be no further postponements and that, "in advance of that hearing, you will have to respond in writing to the motions if you want to defeat them." The court further explained to plaintiff that she, or any lawyer she retained, needed to comply with all rules of procedure. It then set February 21, 2016, as the date for plaintiff's written response to the motions for summary judgment and stated that defendants could file replies "in the usual course."
*458 Plaintiff did not retain the Seattle lawyer by the time of the next hearing. In response to defendants' motions, she filed a "Motion to Dismiss Summary Judgment," representing that she would call "Dr. Hany Atallah to testify to all elements of cause of action of medical malpractice." She attached a copy of a letter from Dr. Atallah addressed to "MedExpertwitness.com, Inc." in which Atallah expressed an opinion that defendants "deviated from the acceptable standards of care in their medical care and treatment" of plaintiff and that those deviations caused *513 plaintiff "to suffer permanent damages and harm."
In reply, defendants argued that Atallah's unsworn letter did not comply with the requirements of ORCP 47 for a number of reasons and, thus, did not create a dispute of fact. Defendant Providence also pointed out that plaintiff had not submitted any evidence relating to its alleged vicarious liability for Roberts's conduct and that it was entitled to summary judgment for that additional reason.
At the start of the hearing on the motions for summary judgment, the trial court inquired whether there had been any further filings following defendants' replies. The parties responded that there had not been, although plaintiff said, "I was going to file stuff, but I talked to your-your assistant and she said just hold off to file. I have some more paperwork." The court responded that it was "past the point for filing anything in addition to the response." Plaintiff did not tell the court what her additional paperwork was. She simply argued that the court should let the case go forward. She acknowledged that the Seattle attorney that she previously had referenced was not admitted to practice in Oregon and said that she had started looking for other lawyers. She explained that she wanted to go to trial in August and would have a lawyer by then, and also that she had medical experts.
The trial court granted defendants' motions for summary judgment. It ruled that plaintiff's evidence-that is, the Atallah letter-was not admissible and was "not anything that, under the rules, I can consider." Thus, it concluded, "on the basis of the record that's before me, I have no recourse but to grant their motions and enter judgment *459 for the Defendants, which will terminate the lawsuit." The court directed defendants to prepare an appropriate order and judgment.
As directed by the trial court, defendants prepared the proposed order and judgment. Plaintiff objected, contending that the court should make findings addressing why the ORCP 47 E affidavit submitted through her prior counsel did not create a genuine issue of material fact. In addition, she contended:
"Findings should be included regarding the court's denial of Plaintiff's request to consider the affidavits of experts retained by Plaintiff. Prior to the hearing, Plaintiff, who is pro se , was told by the judge's staff that she would be able to present these affidavits at the hearing. Copies of the affidavits are attached as Exhibit 2. These affidavits raise genuine issues of material fact precluding summary judgment."
Plaintiff attached a sworn and notarized copy of the letter from Atallah, which had been notarized on February 22, 2016, as well as a declaration from another doctor, Goldstein, which had been notarized on March 14, 2016. Defendants responded that plaintiff's objections raised new issues that had not been addressed at the summary judgment hearing and that the court should enter the order on summary judgment and the general judgment in the form proposed.
The trial court issued its own written order on the summary judgment motion. It noted that plaintiff's objection was "not actually an objection to the proposed order but rather an argument against the ruling or for reconsideration of it. As such, it is either untimely or improper. See SLR 5.045." The court observed further that the sworn and notarized document that plaintiff submitted with her objection had been executed after the deadline that the court had given her for responding to defendants' motions for summary judgment, although the court had informed plaintiff at the January hearing that no further postponements would be allowed. Thereafter, the court entered a general judgment in favor of defendants.
On appeal, plaintiff raises two assignments of error: (1) that the trial court erred by granting defendants' motions *460 for summary judgment; and (2) that the trial court "erred in denying plaintiff's request to amend the Atallah Affidavit in opposition to [the] motion for summary judgment." Plaintiff does not, however, contend that the trial court's grant of summary judgment was incorrect on the record that it had before it at the time that it ruled. That is, plaintiff does not argue that the trial court was wrong to conclude that the unsworn Atallah letter was not sufficient *514 to create a dispute of fact.[1] Instead, she contends that the trial court abused its discretion under ORCP 12 B by not disregarding that unsworn status which, in plaintiff's view, was "at most, a minor technical defect." Alternatively, she contends that she requested to submit a sworn copy of the Atallah letter at the hearing and that the court abused its discretion by not accepting it. Thus, boiled down to its essence, plaintiff's contention on appeal is that the trial court should have given her more time to submit competent, admissible evidence in response to defendants' motions for summary judgment. We review a trial court's ruling on such an issue for abuse of discretion. See, e.g. , Johnson and Johnson , 277 Or. App. 1, 12-13, 370 P.3d 526 (2016) (reviewing trial court's denial of post-trial motion to supplement the record for abuse of discretion); Caro v. Hansen , 128 Or. App. 267, 273, 875 P.2d 512 (1994).
As an initial matter, as defendants point out, plaintiff's contentions on appeal do not appear to be preserved. Plaintiff did not cite ORCP 12 B to the trial court. Plaintiff also never asked the trial court to allow her to file a notarized copy of the Atallah letter, at least not in any clear way. Although she alluded to the fact that she had additional "stuff" to file at the hearing, she never explained what that "stuff" was. And, even in her objections to the proposed form of order and judgment, she did not ask the court to allow her to file the sworn copy of the letter; she merely requested that the court make "findings" as to why the notarized copy of the letter and the additional affidavit from Goldstein, both submitted after the court made its ruling, did not create a dispute of fact.
*461 Regardless, the trial court did not abuse its discretion by granting summary judgment without giving plaintiff additional time to submit a sworn copy of the Atallah letter. The court had already granted plaintiff additional time to file her response and made it clear to plaintiff that it would not allow any additional postponements. The Atallah letter is dated January 20, which would have given plaintiff ample time to obtain a sworn copy of the letter before the court's February 21 deadline. Yet, as the court observed in ruling on plaintiff's objections to the form of order and judgment, the Atallah letter was not notarized until after that deadline. Finally, plaintiff has never supplied any explanation as to why she could not meet the court's February 21 deadline. Under those circumstances, the court did not abuse its discretion when it did not continue the summary judgment proceedings or otherwise permit plaintiff to file the sworn Atallah letter after the summary judgment hearing.
On appeal, plaintiff suggests that her pro se status means that the trial court should have afforded her greater leeway than it did. Although we are mindful of the challenges that self-represented litigants face, the court afforded plaintiff a substantial amount of leeway when it gave plaintiff an extra month to respond to defendants' summary judgment motions. In view of the length of time that the case had been pending, the fact that plaintiff spent almost a year representing that she was retaining a Seattle lawyer who, it turns out, was not admitted to practice in Oregon, defendants' legitimate interests in not being subjected to further delay, and the fact that plaintiff supplied no justification for not meeting the court's deadline, the trial court's handling of the summary judgment proceedings was within its discretion.
Affirmed.

Plaintiff contends that the unsworn letter could create a dispute of fact had defendants not objected to the fact that it was not sworn.