No. 584 July 2, 2025 583

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Caine SMITH,
individually and on behalf of all others similarly situated,
*Plaintiff-Appellant,*

*v.*

UNIVERSITY OF OREGON,
a public body of the State of Oregon,
*Defendant-Respondent.*

Lane County Circuit Court
21CV10708; A181980

Charles M. Zennaché, Judge.

Argued and submitted April 10, 2025.

(Eddie) Jae K. Kim argued the cause for appellant. Also on the briefs were Tiffine E. Malamphy and Lynch Carpenter, LLP, California; Paul B. Barton and Olsen Barton LLC; and Steve W. Berman, Daniel J. Kurowski, and Hagens Berman Sobol Shapiro LLP, Illinois.

Sarah J. Crooks argued the cause for respondent. Also on the brief were Stephen F. English and Perkins Coie LLP.

Before Lagesen, Chief Judge, O'Connor, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Plaintiff filed this action against the University of Oregon (defendant), alleging that defendant breached its contractual obligation to provide him with an in-person education when it offered its students a remote education in response to the COVID-19 pandemic. Defendant moved for summary judgment, which the trial court granted. Among other things, the trial court ruled that, in response to the pandemic, the parties agreed to modify any contractual obligation that defendant had to provide an in-person education. As a result, no breach occurred. On plaintiff's appeal, we affirm.

The relevant facts are not disputed. Defendant administers classes on a quarter system. On March 8, 2020, during the last month of the winter quarter, the Governor of Oregon issued an executive order declaring a public emergency because of the threat COVID-19 posed to public health and safety. Eleven days later, on March 19, 2020, the Governor issued an executive order prohibiting all universities in Oregon "from conducting in-person classroom, laboratory, and other instruction."[1] In response to those orders, defendant's president announced on March 20, 2020, that classes for the upcoming spring quarter would be conducted remotely. He explained that tuition would remain the same because the cost of providing a remote education was as high, if not higher, than the cost of providing an in-person education. He added, however, that defendant would discount fees for certain extracurricular services that it could not provide because of the pandemic.[2] Finally, the president stated that defendant would not charge interest or fees on unpaid student accounts during the spring quarter.

Plaintiff was nearing the end of his senior year and was on track to graduate after the spring 2020 quarter. When defendant's president announced on March 20, 2020, that classes would be conducted remotely during the upcoming spring quarter, plaintiff could have chosen to withdraw

---

[1] The Governor's March 19, 2020, order prohibiting in-person classes included an exception for classes related to certain medical degrees. Plaintiff's classes did not come within that exception.

[2] The president explained that university residence halls and dining would remain open. Moreover, students who had university residence contracts but who decided to live elsewhere could do so without incurring any financial penalty.

from school that quarter without incurring any financial or academic penalty, as long as he did so by March 29, 2020. Plaintiff, however, did not withdraw. Instead, he paid his tuition for the spring quarter two days after the president announced that classes would be conducted remotely, completed his course work, and graduated on schedule at the end of the quarter.

Approximately nine months after he graduated, plaintiff filed this action. His amended complaint alleges that defendant entered into either an express or an implied contract with its students to provide them with an in-person education, that the remote education that defendant offered breached that obligation, and that plaintiff suffered damages as a result of the breach. Defendant answered, denying, among other things, that it was contractually obligated to provide an in-person education. It also moved for summary judgment on multiple grounds. Among other things, defendant argued that, even if it were contractually obligated to provide an in-person education, plaintiff agreed to modify that obligation. Specifically, defendant reasoned that, when plaintiff paid his tuition for the spring quarter after defendant announced the transition to remote learning and accepted the benefits of a remote education, he agreed to modify any contractual obligation that defendant had to provide an in-person education.

The trial court agreed and granted summary judgment in defendant's favor on that and other grounds.[3] Additionally, the court denied plaintiff's request for discovery. On appeal, plaintiff assigns error to the trial court's substantive ruling granting summary judgment and its procedural ruling denying his request for discovery. We begin with the court's substantive ruling. We review that ruling to determine if there is a genuine dispute of material fact and, if not, whether defendant is entitled to prevail as a matter of law. *See* ORCP 47 C.

---

[3] The trial court granted summary judgment on three grounds: impossibility, modification, and substituted contract. Defendant also moved for judgment on the pleadings based on modification and substituted contract. Because we conclude that the trial court correctly granted summary judgment based on modification, we do not address the other bases on which it granted summary judgment, nor do we consider whether defendant was entitled to judgment on the pleadings.

In considering the parties' arguments, we assume, as the trial court did, that defendant was contractually obligated to provide plaintiff with an in-person education. However, as Oregon has long recognized, the "parties to a contract may modify that contract by mutual assent." *Bennett v. Farmers Ins. Co.*, 332 Or 138, 148, 26 P3d 785 (2001). That assent "may be expressed in words or inferred from the actions of the parties." *Id*. Acceptance of an offer must be "positive, unconditional, unequivocal and unambiguous, and must not change, add to, or qualify the terms of the offer." *Wagner v. Rainer Mfg. Co.*, 230 Or 531, 538, 371 P2d 74 (1962).

In this case, in response to the Governor's executive order prohibiting all universities in Oregon "from conducting in-person classroom, laboratory, and other instruction," defendant announced on March 20, 2020, that classes for the upcoming spring quarter would be offered remotely. Two days after defendant announced that change, plaintiff paid his tuition and fees for the spring quarter. He attended the remote classes defendant offered, successfully completed them, and earned credit for the spring 2020 term, which he applied towards his June 2020 graduation. At no point did plaintiff manifest by word or deed that, in paying his tuition and in accepting the benefits of the remote education defendant offered, he was doing anything other than agreeing to modify defendant's alleged contractual obligation to provide an in-person education. On this record, the trial court correctly ruled on summary judgment that plaintiff accepted the modified educational experience defendant offered.

Plaintiff, however, advances a series of arguments on appeal challenging that ruling. He argues initially that the question whether the parties to a contract modified it always presents a factual question for the jury. The cases he cites in support of that argument stand for a more limited proposition, however. In those cases, the court identified specific disputed facts that required a trier of fact's resolution. *See Bennett*, 332 Or at 149 (detailing the disputed facts); *Lyons v. Beeman*, 311 Or App 560, 564-69, 570, 494 P3d 358 (2021) (setting out disputed facts regarding a proposed modification that the jury resolved). Our cases do not sweep as broadly as plaintiff perceives.

Plaintiff advances a narrower, more focused argument. He contends that, when he paid his tuition two days after defendant announced a transition to remote education, he was not accepting defendant's offer of a modified education during the spring 2020 quarter; rather, he was attempting to mitigate his damages, or so a reasonable jury could find. We note, as an initial matter, that plaintiff did not offer any evidence in response to defendant's summary judgment motion that he paid tuition and took courses during the spring 2020 term to mitigate his damages. The closest he came to doing so occurred in a declaration he filed in opposition to summary judgment. In that declaration, plaintiff stated, "By continuing my enrollment at Oregon for the Spring 2020 Term, I did not intend to change any contractual terms or give up any valuable contractual rights."

The difficulty with plaintiff's declaration is that it does not include any facts to show that he articulated or manifested his subjective intention in any way. As we have long recognized, Oregon applies "an objective theory of contracts." *Lyons*, 311 Or App at 570. "The existence of a contract or contract modification is not determined by the parties' subjective understanding of their communications." *Id.* Whatever plaintiff may have understood or intended when he paid his tuition and accepted the benefits of a remote education during the spring 2020 quarter, the record does not disclose that he said or did anything to communicate that intention until he responded to defendant's summary judgment motion. Plaintiff's subjective intent only matters if he manifested it in a timely fashion. *See id.* Here, he did not.

Plaintiff offers a final reason why his conduct should not be viewed as an acceptance of the remote education defendant offered. He contends, "Objectively, [no student] could have possibly accepted a modified contract under the conditions described, as established in *Rosado v. Barry Univ. Inc.*, 499 F Supp 3d 1152, 1159 (SD Fla 2020)." The decision in *Rosado*, however, arose on a motion to dismiss the plaintiff's complaint for failure to state a claim, and the complaint alleged that, if the plaintiff in that case had declined to accept the remote courses her university offered in response to the COVID-19 pandemic, she would

have forfeited her tuition and suffered academic penalties. *Rosado*, 499 F Supp 3d at 1159. The federal district court explained that, in those circumstances, the fact that the plaintiff took the remote courses was not sufficient to establish "an affirmative showing of her intention" to accept the modified education her university offered. *Id.* (internal quotation marks omitted).

In this case, defendant's March 20, 2020, announcement that it was moving to remote education in the upcoming spring quarter coincided with the end of the winter quarter. All plaintiff's classes during the winter quarter were held in person; the transition to remote classes did not occur until the beginning of the spring 2020 quarter—10 days after defendant announced the transition to a remote education.[4] Unlike the student in *Rosado*, plaintiff could have elected to withdraw from the upcoming spring quarter without incurring any financial or academic penalty as long as he did so by March 29, 2020. Indeed, plaintiff offered no evidence in the declaration he filed in opposition to summary judgment that his decision to accept the remote education that defendant offered was anything other than voluntary.

Plaintiff raises a separate challenge to the trial court's substantive ruling. He argues that, even if he agreed to modify defendant's obligation to provide an in-person education, no new consideration supported the modification. *See Bennett*, 332 Or at 148 (stating that requirement). Three propositions, however, lead us to conclude otherwise. First, plaintiff alleged, and we assume, that defendant initially agreed to provide an in-person education to its students. Second, the Governor's March 19, 2020, executive order generally prohibited defendant from providing an in-person education to its students. Third, to comply with the Governor's executive order, defendant offered to provide educational content to its students in a new way: It offered to provide all classes remotely—an offer that plaintiff accepted.

---

[4] Although all plaintiff's classes during the winter quarter were held in person, final exams that quarter were administered on a take-home basis. Two of plaintiff's finals had been scheduled as take-home exams before the Governor issued her March 19, 2020, executive order, and the other two finals were administered on a take-home basis after her order. Plaintiff has not argued that administering his final exams on a take-home basis breached the university's contractual obligations.

From plaintiff's perspective, defendant's offer to provide all its classes remotely benefitted plaintiff by allowing him to continue his course work during the spring 2020 quarter and graduate in a timely manner. Had defendant not provided a remote education, the Governor's order would have precluded plaintiff from taking his classes at the University of Oregon during the spring quarter and from graduating on time. Defendant also benefitted from providing remote classes; doing so allowed it to continue to receive tuition from its students. Specifically, by providing courses remotely, defendant was able to continue receiving a stream of funds that permitted it to meet some of or all its financial obligations. In short, the undisputed facts establish ample consideration to support the modification. The trial court correctly granted summary judgment in defendant's favor based on the modified contract.

That leaves plaintiff's assignment of error challenging the trial court's ruling denying his discovery request. *See* ORCP 47 F (providing that, if the party opposing summary judgment shows that it cannot present "facts essential to justify the [party's] opposition " to summary judgment, the trial court "may order a continuance" to permit discovery). We review the trial court's ruling under ORCP 47 F for abuse of discretion. *See McCormick v. State Parks and Recreation Dept.*, 308 Or App 220, 223, 482 P3d 187 (2020) (reviewing for abuse of discretion the trial court's denial of a request for discovery on summary judgment); *Caro v. Hansen*, 128 Or App 267, 273, 875 P2d 512 (1994) (same).

On appeal, plaintiff argues that discovery could have revealed additional evidence about the scope of the original contract, the modified contract's terms, and new consideration that would have been relevant to summary judgment. Plaintiff, however, never explains why discovery regarding those topics would have materially advanced the issues regarding modification that were before the trial court on summary judgment.

In his complaint and again in opposing summary judgment, plaintiff attached a substantial number of documents to establish that, when he accepted defendant's offer to attend school, he reasonably understood that he

was accepting an in-person education. Moreover, the trial court assumed, as do we, that defendant had promised to provide an in-person education. Additional discovery on the original contract's terms would have provided, at most, a marginal benefit. The same is true regarding the terms of defendant's offer to modify that contract, which were set out in the president's announcement. Indeed, if plaintiff relied on other information beyond the terms of the president's announcement when he accepted defendant's offer, plaintiff could have summarized that information in his declaration opposing summary judgment. Finally, plaintiff does not explain how discovery would have added anything to the court's understanding of consideration, which seems fairly straightforward. The trial court did not abuse its discretion in denying plaintiff's discovery request.

Affirmed.